AO 91 (REV.5/85) Criminal Complaint    AUSAS J. LAUSCH (312) 886-4190 & J. BLAKEY (312) 353-5320

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**UNDER SEAL**

UNITED STATES OF AMERICA

MAGISTRATE JUDGE DENLOW

v.

CRIMINAL COMPLAINT

JAMES CROSS

FILED
DEC 13 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CASE NUMBER: 04 CR 1080

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about November 24, 2003, in Cook County, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant

> did distribute and possess with intent to distribute a controlled substance, namely in excess of 5 grams of mixtures containing cocaine base, a Schedule II controlled substance,

in violation of Title 21, United States Code, Section 841(a)(1).

I further state that I am a Special Agent of the Federal Bureau of Investigation, and that this complaint is based on the following facts:

See Attached Affidavit

Continued on the attached sheet and made a part hereof:   X  Yes ___ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

December 13, 2004                           at  Chicago, Illinois
Date                                            City and State

MORTON DENLOW, U.S. Magistrate Judge        _____
Name & Title of Judicial Officer             Signature of Judicial Officer

| | | |
|---|---|---|
| UNITED STATES | ) | **UNDER SEAL** |
| | ) | |
| NORTHERN DISTRICT OF ILLINOIS | ) | |

## AFFIDAVIT

I, Christopher Crocker, being duly sworn on oath, state as follows:

### I. INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation, United States Department of Justice, and have been so employed for a period of 20 months. I am currently assigned to the Chicago Division's South Resident Agency. During my employment, I have participated in long-term, multi-target, drug-related investigations. In most of these investigations, electronic wire interceptions and consensual recordings made by informants were utilized as investigative techniques. As part of these investigations, I have reviewed many transcripts of the intercepts and consensual recordings, and participated in interviews with informants and cooperating defendants engaged in illegal drug activity. As part of my new agent's training at the FBI Academy, I was provided with instruction about the illegal drug distribution techniques of various criminal organizations and the use of the telephone to facilitate illegal drug activity.

2. This affidavit is based upon my personal knowledge and on information from other federal and local law enforcement personnel, including officers and investigators of the FBI and the Cook County Sheriff's Police (CCSP). The FBI is participating with the CCSP and the Chicago Heights Police Department (CHPD) in investigating the illegal activities of drug traffickers who operate in and around Chicago Heights, Illinois and surrounding communities.

3. This affidavit is made for the limited purpose of establishing probable cause in support of a criminal complaint charging that on or about November 24, 2003, JAMES CROSS (aka "J" and "JC") did knowingly and intentionally distribute and possess with the intent to distribute controlled substances, namely in excess of 5 grams of mixtures containing cocaine base (in the form of "crack-cocaine"), a Schedule II Narcotics Drug Controlled Substance, in violation of Title 21, United States Code, Section 841. Because this affidavit is being submitted for this limited purpose, it does no include everything I know about this investigation.

4. In November 2003, under my direction or the direction of other government agents, a cooperating individual ("CI")[1] consensually-recorded telephone and face-to-face conversations with JAMES CROSS regarding the purchase of narcotics from him.

5. On November 24, 2003, the CI participated in a consensually-recorded drug transaction and conversation with James CROSS, concerning the purchase of approximately ½ ounce of crack cocaine in exchange for approximately $400. On that date, the CI placed a

---

[1] In approximately February 2003, CI-2 began cooperating with this investigation when CHPD officers questioned CI-2 in connection with a local drug investigation. CI-2 said that he was tired of his involvement in criminal drug activity and being a frequent target of police investigation. CI-2 said he wanted to stop buying and selling drugs and offered to cooperate against other drug dealers in exchange for monetary compensation. Other than a promise of monetary compensation for services rendered to agents and officers, no other guarantees or promises were made to CI-2. I consider CI-2 to be both credible and reliable. CI-2 has provided information to me which has been corroborated through independent investigation, and has participated in consensually-recorded drug conversations with James CROSS and others. CI-2's criminal history consists of 11 arrests, including 1 sexual assault charge, 1 burglary charge, 4 dangerous drug charges, and 6 assault charges, with 1 conviction each for sexual assault, burglary, and dangerous drugs. CI-2 is also an admitted past member of the Vice Lords street gang.

telephone call to CROSS at (630) 697-2154[2] and spoke with CROSS about purchasing approximately ½ ounce of crack cocaine from CROSS. In that call, the CI told CROSS he/she was "tryin' to get half a sheet of cake," referring to ½ ounce of crack cocaine. CROSS then asked the CI about his/her whereabouts. After the CI told CROSS his/her location, CROSS told the CI to look out for CROSS who would soon arrive. After this telephone conversation, agents searched the person of the CI for drugs and/or currency with negative results, fitted the CI with a consensual monitoring device in order to record the expected face-to-face meeting with CROSS, and gave the CI money to make the controlled drug transaction.

6. After the CI arrived at the meeting location, surveillance agents saw CROSS arrive in a dark-colored vehicle (Illinois licence plate number IL-5772018).[3] The CI approached CROSS's vehicle and gave CROSS $400 in exchange for approximately ½ ounce of crack cocaine. The CI then left the area, and agents followed the CI back to a predetermined meeting location, where the CI provided agents with the bag of suspect crack cocaine and told the agents he/she received it from CROSS, and where agents searched the CI, debriefed him/her, and removed all monitoring equipment from his/her person.

---

[2] This number – (630) 697-2154 – was subscribed to James Lanell Cross, 385 W 16th Street, Chicago Heights, Illinois.

[3] Illinois vehicle records show that this Illinois licence plate (IL-5772018) was an original plate registered to James CROSS, 440 W. 16th Street, Chicago Heights, IL 60411, for 1991 Buick four-door (VIN# 2G4WB54T3M1851298).

7. The suspect crack cocaine was submitted to the Illinois State laboratory for analysis, which indicated the entire substance weighed approximately 13.7 grams and tested positive for the presence of cocaine. A subsequent test of the substance confirmed that the substance was cocaine base, or, as it is more commonly known, crack cocaine.

Christopher Crocker
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before
me this 13th day of December, 2004

MORTON DENLOW
Magistrate Judge, United States District Court
Northern District of Illinois